Plaintiff-Paul Weinstein, Esq.
Defendant-G. Charles Shumway, Esq.



STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. PORSC-RE-14-63

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,                                )
                                            )
                                            )
                                            )   **ORDER ON DEFENDANT'S**
                                            )   **MOTION FOR ADDITIONAL**
                                            )   **FINDINGS OF FACT**
          Plaintiff,                        )
                                            )        STATE OF MAINE
                                            )     Cumberland, ss, Clerk's Office
v.                                          )
                                            )        JAN 1 0 2017
JOHN A. CIMINO,                             )
                                            )        **RECEIVED**
          Defendant.                        )

Before the Court is Defendant's Motion for Additional Findings of Fact pursuant to M.R. Civ. P. 52, filed on October 14, 2016. Plaintiff requests that the Court make additional findings of fact with respect to the October 5, 2016, Judgment of Foreclosure and Sale. After a careful review of the parties' submissions, the Court denies the Motion for the reasons stated below.

## I.    BACKGROUND

On October 14, 2016, Defendant filed a Motion for Additional Findings of Fact. Defendant attached to his Motion, proposed findings of fact and conclusions of law, which provided:

1. Plaintiff has been the owner and mortgagee of the mortgage note and mortgage deed at issue since it acquired them on May 1, 2007.

2. Although the Notice of Default dated November 20, 2013 does not identify Plaintiff as the mortgagee, it satisfies the requirements of 14 MRS §6111(1-A).

3. Although said Notice of Default was served during the pendency of another foreclosure action, for which the mortgage note at issue was already accelerated, the 35-day requirement of 14 MRS §6111(1) is satisfied.

4. Although the Notice of Dismissal for the then pending foreclosure action was filed on February 6, 2014, and the Summons and Complaint for Foreclosure for the current action served on February 27, 2014, the 35-day requirement of 14 MRS §6111(1) is

satisfied.

> 5. Although said Notice of Default provides a precise cure amount, which amount is then qualified by a statement reading "hence, if you pay the Cure Amount shown above, an adjustment may be necessary because of "interest, late charges, and other charges" after we receive your check, in which case we will inform you before depositing your check for collection", it satisfies the requirements of 14 MRS §6111(1-A).

(Def.'s Proposed Findings of Fact). On November 4, 2016, Plaintiff filed an Objection to Defendant's Motion for Findings of Additional Facts and Conclusions of Law. Defendant filed his response on November 16, 2016.

## II.    DISCUSSION

M.R. Civ. P. 52 allows a party to make a motion for additional findings of fact. However, the court need not grant every request. *In re Jacob B.*, 2008 ME 168, ¶ 15, 959 A.2d 734 ("A trial court is not required to make further findings in response to every post-judgment request for findings pursuant to M.R. Civ. P. 52(a)."). M.R. Civ. P. 52 is not a procedural device used to strong-arm the court to further explain its reasoning or its rationale supporting its decision. *Wandishin v. Wandishin*, 2009 ME 73, ¶ 19, 976 A.2d 949 ("Once the court has found the facts, it is not required to explain the rationale used to support each finding of fact or conclusion of law."). Motions brought under M.R. Civ. P. 52 do not provide a forum for the unsuccessful party to reargue their case. *Id.* ("Requests for additional fact-findings pursuant to M.R. Civ. P. 52(b) should not be used to attempt to require the court to explain its reasoning in reaching a particular result or to reargue points that were contested at trial and have been resolved by the court's decision.").

Here, Defendant's Motion is clearly a thinly veiled attempt to reargue his position from trial and to point out the mistakes he alleges that the Court made in its previous decision. For example, Defendant would like the Court to find that "[a]lthough the Notice of Default dated

2

November 20, 2013 does not identify Plaintiff as the mortgagee, it satisfies the requirements of 14 MRS §6111(1-A)." Plaintiff's Proposed Findings of Fact are replete with other similar proposed findings. Plaintiff was afforded ample opportunity at trial to argue these positions, and through his Rule 52 Motion has attempted to disregard the Court's Decision and to continue litigating his case. While Defendant's zeal on behalf of his cause is commendable, his Motion is not effectively or appropriately brought before the Court.[1] For these reasons, the Court denies Defendant's Motion for Additional Findings of Fact.

The Entry is:

1) Plaintiff's Motion for Additional Findings of Fact and Conclusions of Law is **DENIED**.

2) This Order shall be incorporated into the docket by reference pursuant to M.R. Civ. P. 79.

Dated: January 10, 2017

Lance E. Walker
Justice, Maine Superior Court

---

[1] The Court notes that Defendant is free to appeal the Court's decision to the Law Court, where his arguments implicit in his Proposed Findings of Fact would be more appropriately brought.

3